UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIC JEAN VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. CV 06-1928-PJW<br><br>MEMORANDUM OPINION AND ORDER |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her claim for disability insurance benefits ("DIB"). For the reasons set forth below, the Agency's decision is reversed and the case is remanded for further proceedings.

In her first claim of error, Plaintiff alleges that the Administrative Law Judge ("ALJ") improperly assessed her residual functional capacity ("RFC"). A large part of Plaintiff's argument in support of this claim is directed at the ALJ's failure to accept the

---

[1] Michael J. Astrue is automatically substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social Security Administration pursuant to Federal Rule of Civil Procedure 25(d)(1).

testimony of Plaintiff and her partner that Plaintiff had constant upper and lower back pain that required her to lie down during the day, limited her daily activities, and required her to take various medications for relief. (Joint Stipulation ("JS") at 7). In addition, she claims that the RFC is inconsistent with the opinions of Dr. Robert Hunt, her treating physician, and Dr. Lawrence Feiwell, an examining physician. For the following reasons, the ALJ's RFC determination is upheld.

     Although Dr. Hunt reported that Plaintiff sustained injury to her neck and upper back in November 1994 and set forth Plaintiff's complaints of pain--which varied between seven out of ten on a "good day" and ten out of ten on a "bad day"--his examination of Plaintiff did not show any significant physical limitations and he concluded that she had "reasonable residual subjective complaints of constant minimal to intermittent slight and occasionally slight-to-moderate cervicothoracic spine pain." (Administrative Record ("AR") 211, 212, 218.) Dr. Hunt recommended that Plaintiff "should observe a prophylactic work restriction of no prolonged maintenance of the head or neck in a fixed position, no prolonged or repetitive rotation, flexion or extension of the neck, no prolonged work at or above shoulder level and no heavy lifting." (AR 218.) These restrictions were in line with the ALJ's determination and consistent with the evaluation of Dr. Joseph Jensen, the testifying medical expert, that Plaintiff could no more than occasionally reach above shoulder height, could no more than frequently turn her neck or gaze upwards or downwards, and could frequently lift no more than 20 pounds. (AR 280.) Dr. Hunt's report does not offer objective evidence to support the greater RFC restrictions that Plaintiff urges.

1       In his report of March 13, 1996, Dr. Feiwell determined that
2  Plaintiff had a significantly restricted range of motion of her
3  cervical spine, a reduction in her right hand grip strength, and a
4  loss of range of motion in her lower back, which would limit her
5  capacity to lift and bend.  (AR 261-62.)  He opined that Plaintiff
6  would be restricted to light work, and precluded from heavy lifting
7  and repetitive bending and stooping.  (AR 262.)
8       Dr. Feiwell's opinion conflicted with that of neurologist Dr.
9  David Gelles, who examined Plaintiff and reviewed her medical records.
10 (AR 174-85.)  Dr. Gelles found a normal range of motion of the
11 cervical spine, with some tenderness, and a "good" range of lower back
12 motion, with no tenderness or muscle spasm.  (AR 176.)  Dr. Gelles
13 found no evidence of cervical cord injury or radiculopathy.  (AR 178.)
14      Dr. Feiwell's opinion also conflicted with the opinion of the
15 medical examiner, Dr. Alan Sanders, (whose opinion the ALJ
16 incorrectly, but harmlessly, ascribed to Dr. Richard Masserman).  (AR
17 278.)  In a report dated November 7, 1995, Dr. Sanders discussed
18 Plaintiff's complaints of pain, his examination of her, and his review
19 of her medical records.  (AR 189-208.)  Dr. Sanders determined that
20 Plaintiff's x-ray results were normal and diagnosed her with "chronic
21 residuals cervical strain."  (AR 201.)  He concluded that her
22 examination was normal, with no evidence of any atrophy, reflex
23 changes, or sensory loss.  (AR 203.)
24      Given this evident conflict in medical opinions regarding the
25 level of Plaintiff's functional limitations, the ALJ was tasked with
26 resolving the conflict.  *Morgan v. Comm'r of Social Security*
27 *Administration*, 169 F.3d 595, 601 (9th Cir. 1999).  Because Dr.
28 Feiwell was an examining physician, the ALJ was required to set forth

specific and legitimate reasons for rejecting his opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Andrews v. Shalala*, 53 F.3d 1035, 1041-42 (9th Cir. 1995). The ALJ discharged his role appropriately here by relying on the medical expert's testimony. No error was committed.

As to Plaintiff's argument that the ALJ's RFC finding is inconsistent with her testimony of disabling pain, which was corroborated by her partner, the Court does not find that this alleged error mandates reversal. First, as set forth in more detail below, the ALJ's rejection of Plaintiff's testimony was supported by the record and will be affirmed. As to her partner's testimony, though the Court concludes below that the ALJ's reasons for rejecting that testimony are not valid, it does not appear that even had the ALJ not rejected the testimony he would have arrived at a different RFC. The RFC finding was based almost entirely on the objective medical evidence, which contradicted the partner's claims of extreme pain and limitations. Nevertheless, on remand, if the ALJ concludes that the partner's testimony is credible, he should set forth whether this alters his view regarding Plaintiff's RFC and explain why, or why not.

Next, Plaintiff claims that the ALJ did not properly consider whether Plaintiff could perform her past relevant work as a security guard. Plaintiff contends that the ALJ was duty-bound to "line up all of the requirements of the past relevant work on the one side, and counterpoise those requirements against the claimant's limitations." (JS at 16.) Plaintiff is mistaken. Plaintiff had the burden of proof to demonstrate that she could no longer perform her past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Although the ALJ had a duty to make requisite factual findings to

support his conclusion, he met that burden by calling a vocational expert who testified that Plaintiff could perform her past relevant work as it is generally performed, i.e., as defined by the Dictionary of Occupational Titles. *See Pinto*, 249 F.3d at 844-45. The vocational expert testified that Plaintiff's past relevant work as a security guard would be classified as "light and semi-skilled, SVP 3." (AR 554.) He then testified that, given Plaintiff's RFC, she could perform that "generic" work. (AR 554.) Although the vocational expert subsequently testified that an individual who needed to take two or three unscheduled breaks a day, or who would have two to three unscheduled absences a month, would not be able to perform that work, (AR 554-55), such limitations were not established by the medical evidence, and the ALJ was not required to take them into account in determining whether Plaintiff could perform her past relevant work. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

In her third claim of error, Plaintiff argues that the ALJ improperly disregarded her subjective symptom testimony. Again, the Court disagrees.

Credibility determinations are the province of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). In order to find a claimant not credible, an ALJ must provide specific, clear, and convincing reasons for doing so, which are supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 958-60 (9th Cir. 2002). Here, the ALJ provided a number of reasons why he found Plaintiff not credible, including her failure to follow prescribed treatment, the lack of objective medical evidence supporting her claims, and the conservative treatment regimen prescribed by her doctors. (AR 279-80.) Plaintiff takes issue with each of these reasons. (JS at 21-

22.) As set forth below, the Court finds that the ALJ's credibility determination was based on legitimate reasons that are supported by substantial evidence in the record.

    The ALJ was entitled to use Plaintiff's failure to complete her course of physical therapy as a reason to doubt her credibility. *See Fair*, 885 F.2d at 603 ("[A] claimant's failure to assert" a good reason for failure to follow a prescribed course of treatment "can cast doubt on the sincerity of the claimant's pain testimony.") In addition, the ALJ properly considered the lack of objective medical evidence to support the extent of Plaintiff's allegations of pain as a reason to disregard her testimony. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001)(upholding ALJ's credibility determination in part because medical evaluations revealed little evidence of disabling abnormality of the claimant's spine). As set forth above, Drs. Gelles and Sanders found little evidence of nerve or muscular damage. (AR 185, 205.) Dr. Melvin Snyder, a neurosurgical consultant, reported on June 29, 1995, that "no neurosurgical intervention would be beneficial" and recommended only continued conservative treatment. (AR 230). Plaintiff's own treating physician, Dr. Hunt, recommended on November 7, 1995, that "[f]urther medical care should be primarily home-based and self-administered," and should consist of "non-prescriptive analgesics or non-steroidal anti-inflammatories" and stretching and strengthening exercises. (AR 218.) The ALJ was entitled to compare this rather conservative treatment regime with Plaintiff's account of disabling pain and conclude that Plaintiff was not telling the truth. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). Thus, the ALJ's credibility determination was based on specific, clear, and convincing

reasons, which were supported by the evidence in this record, and is affirmed.

In her final claim for relief, Plaintiff contends that the ALJ improperly disregarded the testimony of her partner, Jo Schairer. For the following reasons, the Court agrees.

An ALJ must consider lay witness testimony concerning a claimant's ability to work. *Stout v. Commissioner, Social Security*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ may discount the testimony of a lay witness only if he gives "reasons that are germane to [that] witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The reason the ALJ gave for discounting Ms. Schairer's testimony was that it "merely echo[ed] the claimant's own subjective statements and [was] not credible for the same reasons the claimant's statements [were] not credible." (AR 281.) Though this reason is germane to the testimony, it has been specifically rejected by the Ninth Circuit. *Dodrill*, 12 F.3d at 918-19 (holding ALJ erred by discounting lay witness testimony under premise that it was based solely on claimant's statements to witness, where witness had opportunity to observe claimant and make own assessment of claimant's condition). In this case, Ms. Schairer was in a good position to witness the change in Plaintiff's condition and Plaintiff's ability to perform various activities, given the length of time she had known Plaintiff and the nature of their relationship. (AR 546-52.) The ALJ should have carefully considered the testimony for that reason. The ALJ's basis for rejecting it--that it was merely a repetition of Plaintiff's

1  testimony--was invalid.  On remand, the ALJ must reconsider Ms.
2  Schairer's testimony and provide proper reasons for accepting or
3  rejecting it.
4      For this reason, the decision is reversed and the case is
5  remanded for further proceedings consistent with this opinion.
6      IT IS SO ORDERED.
7      DATED: September 18, 2007

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Soc Sec\VASQUEZ, V 1928\Memo_Opinion.wpd